We'll call the second case, 16-403-67, U.S. v. Marroquin. May it please the Court, the District Court committed a reversible plain error by imposing two criminal history points for each of Mr. Rios Marroquin's 2007 North Carolina cocaine offenses because he received only a single sentence for those offenses. Under 4A1.1B, two criminal history points are assessed for each prior sentence of imprisonment of at least 60 days. Here, the District Court plainly erred because the two cocaine offenses received only one sentence under North Carolina's Structured Sentencing Act. In United States v. Davis, the Fourth Circuit held that a consolidated sentence for two offenses under the North Carolina Structured Sentencing Act is but a single sentence. Davis may be clear. Robertson Would the error be clear without Davis? Marroquin It would not be as clear. It would be clear on the face of the North Carolina statute, and thus case of the guidelines, too, right? It's sentencing. It's sentences that count, not offenses. In North Carolina, it's one sentence. It's not a lot of cases. Robertson Yes. Yes. I think cases like that. Roberts I guess you can see where I'm a little bit of uncertainty when we're assessing whether error is clear, put aside the other prongs. Could we say an error is clear based on a different circuit's law, however persuasive? Or does the error have to be clear on the face of the record and the text that we're interpreting? You see my point? Marroquin Yes, Your Honor. I think it's both. But, for example, there's a presumption of deference given to the views of the Federal Circuit as to the law of the State within its jurisdiction. Roberts We've said that. I was wondering about that. Marroquin The Supreme Court has said that. The Supreme Court said it in Phillips v. Washington Legal Foundation and other cases. Roberts So all circuits have to give deference that's something other than persuasive value to circuits interpreting their own State's law? It's — I've always thought that is true as a matter of lore, but you say the Supreme Court has told us? Marroquin Yes. Roberts It's something between binding and persuasive? Marroquin The Supreme Court said of itself, we give deference. Roberts We give deference. Marroquin And other circuits do give deference. Whether a court has to give deference, that may be an oxymoron because have to give and deference are sort of in conflict. But even without that, I think the North Carolina statute would be plain on its face. The error would be plain on its face. In cases like Guillain-Cruz, a recent case where the court held that the Federal statutes made clear that it was error to find that a certain offense was an aggravated felony because the Federal statutes did not include magazines under the definition of ammunition or a firearm. Roberts Their current argument, it would be, one, we've got Rodriguez and it muddies the water by implying that North Carolina procedures don't really inform us as to how And then no Fifth Circuit authority. Everyone misses it. Is this sort of a technical error, or is this a clear and plain error? Marroquin I think it's a clear and plain error. I mean, you have Molina-Martinez, which we missed, and it was an Anders kickback. And it went all the way up to the Supreme Court, and the Supreme Court said, you know, this is plain and in effect substantial rights. So I think under the North Carolina — I mean, the North Carolina — One, it says, as Judge Higginson just pointed out, the North Carolina procedure does not affect the guideline. But then more problematic to me, it says at the end, so it was no problem to add the one point because it was a crime of violence. I understand that's not implicated here. But then it goes on to say, or three more for the second crime of violence. It seems to me that very last clause is saying they could have just counted it as an entirely separate sentence. So how do you deal with that? Well, I think Rodriguez-Prieto presumes that there are two sentences. As I read the opinion, it starts out with there are two sentences, and those sentences were counted as one under 4A1.2. That's the presumption that we are challenging. So it starts out with the presumption that there are two sentences when there are not under North Carolina law. If the only other time our courts looked at this, as far as I can tell, they presumed, as you said, that these were two sentences. How does that get you past an obvious, how does that not prevent it from being an obvious error? Well, I think it didn't address the issue, number one. Number two, it didn't talk about North Carolina statute. And number three, it's unpublished. So I mean, I think it's clear, and I don't think that Rodriguez-Prieto dealt with the case. I mean, it starts out by saying, I don't know if it's. And what the district court did in that case is actually what you say should have been done here. Didn't the district court in that case treat it as one sentence? The district court did. Which is why they added the one point for a crime of violence not counted. Yes, Your Honor, the district court did treat it as one sentence, but the opinion, as I read it, treats it as two and says that they were treated as one under 4A1.2, I think it's 4A2, which is a provision that combines two sentences. So the opinion in my reading presumes the pointed issue. If it had started out and said the district court was correct, this is only one sentence, but we can impose another point for a crime of violence, I think it would have been wrong, but at least it would have addressed the issue. So I think it's clear under North Carolina law. I think Davis makes it clear. I think there's deference given to the Fourth Circuit. And I also think it would be, and I know this maybe cuts against Rodriguez-Prieto, but it just seems to me, and this is just off the cuff, that as a matter of comedy to states that when North Carolina makes the judgment that we are only going to punish the most severe offense, which is what it does, it just drops out the least severe offense, and we're only going to impose one sentence for the most severe offense, that a federal court should accept the state's judgment. Mechanically, how does that really work? The gentleman's two drug offenses were a year apart. How is it that the system knows to wait, I guess, is my curiosity. The statute says if the two, if an offender is convicted of more than one offense at the same time. I know, but these were a year apart, 2015, 2016. Correct. And then he ends up pleading at one time to both? Yes. So that first one had a long delay before rearrangement. I just, I don't quite understand how it works. It's peculiar. I can see why everyone missed it. Right. It's peculiar. But, well, but it's plain on the face of the statute that you, you calculate a guideline for the most severe sentence and a minimum for the most severe sentence, and that's the sentence. Well, it's not just a technical thing, right? I mean, the fact that they're, the sentencing judge is looking combined at two episodes, so the sentence given for the combined or consolidated sentence might be more than if he, it might equal what the two separate sentences would be. No, that's not how it works, Your Honor. The lesser sentence drops out. There is no sentence on the lesser sentence. But the state judge doesn't realize these are consolidated sentences. He can't reflect that in the sentence given on the more serious offense? As I understand the North Carolina guidelines, which gets us into another problem with them, with the Simmons issue where that's the statutory cap, you know, as I understand the guidelines, there's a, there are ranges calculated, and in this case, the range, I think, was six to eight months, and it was based on the more severe sentence, and that's what the sentence was based on. So, it's the guideline range, I'm sorry, Your Honor, yes? Go ahead, finish. Well, if you're through with that, I do have a question. Yes, Your Honor. All of that set aside, our last aspect of plain error review is that the errors have to shock the conscience of a common man, serve as a powerful indictment against our system of judgment, or seriously call into question the competence of the district judge. How can this hyper-technical North Carolina pre-sentence for two year apart separate crimes possibly shock the conscience of the common man? Well, Your Honor, to begin with, that's not the standard in the Fifth Circuit. That's adopted from a dissent in Escalante Reyes by a majority opinion with no citation, and then carried on in other opinions with no citation that that was in a dissent. Well, that was in Solano Hernandez in the Fifth Circuit. Right. And the Fifth Circuit cases don't show the proper citation that that's from a dissent. And in addition, the Supreme Court just granted cert on that last week in a case from this circuit. So that is not the standard. But with regard to the Fourth, just let me say I'm going to... What is the Fourth element in the standard of... Seriously affects the fairness, integrity, or reputation of the judicial proceeding. And I... I don't see how this hyper-technical reference for the guidelines back to a previous state conviction of clearly two separate convictions so shocks the conscience. Well, Your Honor, I disagree. That's not the standard. But the... Well, even under your standard. Well, under this Court's and the Supreme Court's... I understand. Hey, under the Supreme Court's standard, and I do want to get to Fernandez in the third prong, but under the fourth prong, I think this Court should exercise discretion under the fourth prong. Because when you read the record, the district court starts out with being disturbed with the defendant's prior record. And then there's a long discussion of this defendant's horrible childhood where he saw his parents and relatives tortured, he was kidnapped, defied, and raped over the course of two weeks. He has psychological issues. And even though the Court starts out saying, you know, I'm troubled by this record, in the end, after the discussion of that and the defendant's cooperation with North Carolina authorities, which made him a target in his home country, the Court does not impose the maximum sentence. The Court imposes less than the maximum sentence. And because there's a unique combination of a guidelines error and a Court that listened to a very unique allocution, I think it's not a case where the Court should just go well, you know, we're going to decide this guy has a bad record, so let's affirm. I think it is a case where the fairness of the, because of the guideline error, the fairness and integrity of the proceedings are affected, and the Court should leave it to the district court to make the judgment in the end. I have one, I know you want to get to your point, you still have three minutes. I was wondering, let's say you win. On a remand, this is a question I've always wondered. On a remand, is it one sentencing package so the Court could correct this issue but address the argued credit mistake? Could the Court go up on 3553? Is it all new again, or does it depend on how we ask, we structure the remand? I've asked that the Court vacate both sentences because I think, as the Court might agree, a sentence on one may affect the sentence on the other. Start fresh. All issues can be looked at. I don't know if all issues can be looked at, because if normally the law … Well, the government's trying to suggest, and you dispute it strongly, that there may have been an error that worked to his benefit, and therefore, if you prevail on this issue, plain error, the Court could clearly get the North Carolina documents, look at it all, but presumably also look at any other alleged error. I'm wondering if that's a correct statement of law, when you would … I think the Court, well, number one, I think the government's wrong, because Fernandez, you know, there was a condition of probation here that was 30 days, and under the guidelines, it's got to be more than 60 days to get two points, and Fernandez didn't have a condition of probation and didn't even have probation. So the government's wrong. I think the Court should decide against the government. The government hasn't raised any other particular error, and so I think the law of the case applies. It goes back, and the district court exercises its discretion with the correction made to decide what the combined sentence should be. And if Your Honor is asking, well, could the court exercise its discretion and give the same sentence by varying upward or … Or go down. Or go down. I think as long as no new issues were raised by the government, which it waived by not concede that, yes. Your Honor, I've talked about Fernandez, and, you know, this is clearly distinguishable because there was a condition of probation that was just 30 days, and the guidelines say it's got a condition … If there is a condition of probation, it has to be more than 60 days to get two points. And with that, I'll just ask the Court to vacate the sentences and remand for resentence. Thank you. May it please the Court. Amy Ellenise for the United States. I'd like to start with the first prong in Davis. Davis is a problematic opinion because it says that it doesn't rely on North Carolina law, but it clearly does. And the North Carolina Structured Sentencing Act really doesn't care about the number of the defendant's prior sentences. There are two factors, his offense level for his current offense, and then the record level, which is determined by totting up points for each of the defendant's prior convictions. They don't really care how many sentences you have. And I think the consolidated sentencing provision is … I mean, Mr. Marroquin has admitted that it's merely procedural. I think it's merely administrative because your system doesn't care. You're going to serve your time on the most serious offense. But the system gives him one sentence. Well, it is a consolidated judgment, Your Honor. The statute doesn't say anything about a consolidated sentence, but everything is consolidated into this one piece of paper. True. But then the guideline counting rules key off that. Don't look to offenses. They look off judgment and sentence. They do, but it's a little counterintuitive to me to think that this guy, he's got these two very different offenses that are committed two years apart, and to say he doesn't have two sentences for that, that's counterintuitive. Our system, you don't have convictions without sentences. So Davis is a little problematic for that. I mean, I think it's generally true that other circuit courts do give some deference to the circuit court that covers that state, but I don't think it's absolute. I've been to think this court was right in Rodriguez-Prieto when you said North Carolina law doesn't control here. We're going to look to the guidelines to see what a sentence means. And you had asked a defense counsel if the error would be clear without Davis. I'm not sure that it's clear even with Davis, given that we have Rodriguez-Prieto. So I would say that it's not clear even with Davis. Just because of the way the North Carolina criminal procedure system works. Moving on to the . . . The guidelines, when you're counting criminal history, it all depends on what states are doing. I mean, that's what . . . I mean, North Carolina has this peculiar sentence, it's saying structure defense counsel alluded to, you know, it's not a definitive sentence, it's like 10 to 16. We've had cases that have had to confront with that. I mean, you look at what the state does, so how do . . . I mean, you seem to be asking us to just get around that. I think we can look at what the state does, but I think in this instance, I guess what I'm trying to say, it doesn't really help us because they don't care about separate sentences. I think that's merely administrative on their part. So that's just a caveat. I think you're back to the guidelines again. But if . . . when I'm right at the guidelines, it looks like it asks how many prior sentences. It does. And then the record here indisputably says he just has one consolidated sentence. Davis to me looks pretty logical, albeit peculiar, missed by everybody. If that ends up being a fair statement of the law, then you have to move to your other prongs. That's true. Okay. But I will point out that the North Carolina statute again talks about a consolidated judgment, not consolidated sentences. So I will move on to the second prong. This is about as unclear and not obvious as anything I've ever argued. It's Byzantine, to say the least. The federal public defender, whom I have the greatest respect for, they missed it twice. They missed this at sentencing, and they missed it on appeal, and this Court asked them to brief this issue. And it's, you know, we've looked at all this case law, and there is no definitive answer. So I would say it's not clear and obvious, and, you know, you have to look to the case law of another circuit, and that requires extension of precedent in this circuit, something new and different that really hasn't been fully examined. So that's not clear and obvious. On the third prong, I think Fernandez is pretty clear here that he, when you look at Fernandez, he should have gotten those two points. Mr. Marroquin has made an argument that, well, it doesn't cover this because in Fernandez his sentence was fully suspended, and here it was only suspended for 30 days. But again, that's a little counterintuitive that you get your entire sentence suspended in Fernandez, and yet the 296 days is counted against him. But here, you have only a partially suspended sentence, but you don't get that counted. Even if that analysis is right, do you have a case that says we can find no substantial precedent, prejudice because another error happened that the government hasn't crossed appeal? I do not, Your Honor. But that would only suggest to me the integrity of these proceedings were even worse. If your argument is there's another error in here, then it looks like the fourth prong really is met here. We have a real integrity problem because the government is saying it's got a problem. The defense is saying it's got a problem. So your argument sort of makes it much more difficult for us to excuse it. Well, if we get past the third prong, I mean, yes, I would agree that if we get past the third prong. But... Wait, let me just understand. You would agree if we get past the third prong, we should remand this? What do you agree? No, I'm sorry. I'm confused. I don't think the third prong has been met here. I understand what you're saying. But there's a lot more that goes into the fourth prong than just did someone make a mistake or maybe did someone make two mistakes. You look at this guy, Judge Jack expressed extreme concern about him. She said, he's committed all these crimes in North Carolina, including a prior illegal reentry and he served a total of 31 months for something like seven offenses. So he's gotten a slap on the wrist. He's a recidivist. He came back to the United States less than four months after he was deported all the way to Guatemala and she expressed a lot of concern about that. And this guy, he does have a very unfortunate childhood. That is true. And that was gone into at sentencing. But the fact remains, when he got here to the United States, he didn't become gainfully employed. He became a drug dealer, a recidivist drug dealer. This is fourth amendment, fourth prong, are you saying? Yes. Yes, Your Honor. Just so we get the standard down. Put aside the Supreme Court cert grant. Why did you, briefing this case, urge the, shock the conscience? Is it your view that any other circuits adopted it? And is it the government's view, having studied this, that it has a pedigree that gets back to a correct majority en banc statement? I did not brief this case, Your Honor, and I can't speak to what was in Ms. Offenhauser's mind when she wrote it, but I think shock the conscience is just another way of saying manifest miscarriage of justice, which that language comes from the Supreme Court in Ohlone. I think it's just another way of saying it. I think whether you want to characterize this as shock the conscience or miscarriage of justice, I don't think. But, okay, I'm going to sound hyper technical, but it matters a lot when a court comes up with new standards. In the brief that maybe was written by somebody else, does it correctly cite the pages for the proposition it makes? The pages, Your Honor? When, in your citation to Segura and Escalante Reyes, do you properly cite the pages of our Supreme Court's precedent? I don't know, Your Honor. I'm happy to supplement with an answer. Again, I didn't, I'm sorry I did not write the brief. I didn't check the page numbers when I was getting ready for argument, but I agree that there, I mean, there's obviously a controversy about this shock the conscience language, and I think the Supreme Court's going to straighten that out for us, but for this case, this morning, I don't think it matters which language you use. The fourth prong is not satisfied just because of the facts of his criminal history and his recidivism. Do you have thoughts on the remand rule? I've wondered it always. When we find a particular error, and we conclude it's plain error, and we send it back, what's the rule on resentencing? Well, I know that when they come back for resentencing, we look very, very carefully at the language that you've put in your opinion, and they're different in different opinions. So we have to look to ascertain this court's intent, and I have assisted with remands where the remand was very, very narrow, and I've assisted where it was pretty much total do-over. So I think that depends on you all. That is essentially what the law of the case is. Well, should we wait for the Supreme Court decision? That is one possibility in this case. I don't know what Mr. Markeen would say, given the length of his sentence and the fact that we're not likely to have a decision about that on the Supreme Court case for quite a while. But yes, that would definitely be one avenue to deal with it. From the government's perspective, if the case is remanded, I think we need a total do-over in this case, and maybe with the revocation as well, because she did tack the eight months on to the end of that. Did sentencing happen with revocation? Is that why? Yes. Yes, they did. But there was still a PSR in there? Yes. I believe so. We have two different records in this case, and we had everything from the North Carolina illegal re-entry, so yes. Everyone had the two PSRs in this case, so I'm not sure we really care about that revocation sentence. But I think it is something that judges do consider when they pick a sentence, like, well, I'm going to tack this eight-months revocation sentence on the end, so either way, I think a complete do-over would be appropriate here. So if the Court has no other questions, I'll wait and see the rest of my time. We ask for affirmation. Thank you. Thank you, Your Honor. Just a few brief points. First, I neglect to comment on the government's North Carolina cases they cite. I just want to point out they deal with multiple convictions or multiple offenses and convictions and whether a person can be enhanced as a habitual felon for a single habitual felon sentence. So they don't deal with multiple sentences or single sentences. And then, with regard to waiting for the Supreme Court's decision, just in practical terms and you can go on the BOP's inmate locator website and find this, the difference in this case is I believe whether Mr. Rios-Marican gets out in March or if he prevails here and we get the mandate issued for it, whether he would get out in December. So I'd urge the Court not to wait four months in prison, as Justice Gorsuch has said, no reasonable person would want to spend an extra day in prison. Then I just want to point out on Fernandez that Mr. Fernandez had a completely suspended sentence with 254 days credit towards it. And he tried to argue that, look, this is just like a probationary sentence with a condition of probation and so it's got to be at least 60 days. And this Court rejected Fernandez's claim because it said he did not get a sentence of probation, he does not have a condition of probation, all he has are fines and costs. So the Court, by implication, I guess said that, well, you might have a case if he did get probation and a condition of probation, and the guidelines specifically say it's got to be if a condition more than 60 days. Your Honors, with those points, again, I ask you to vacate the convictions. Thank you very much. Thank you. We will call the final case for today, 15-